**EXHIBIT 1**

Ryan M. Nord (11140)
**SAGE LAW PARTNERS, LLC**
140 North Union Ave., Suite 220
Farmington, Utah 84025
Tel: (801) 438-7120
Fax: (801) 438-7121
Email: rnord@sagelawpartners.com
*Attorneys for Plaintiffs*

---

**IN THE EIGHTH JUDICIAL DISTRICT COURT**

**UINTAH COUNTY, STATE OF UTAH**

| | |
|---|---|
| **VICTOR DAVIS AND AMANDA DAVIS,**<br><br>**Plaintiffs,**<br>**-vs-**<br><br>**NATIONWIDE AGRIBUSINESS INSURANCE AKA NATIONWIDE INSURANCE COMPANY,**<br><br>**Defendant.** | **COMPLAINT AND JURY DEMAND**<br><br>Civil No.:<br><br>Judge:<br><br>Discovery Tier: 2 |

Plaintiffs Victor Davis and Amanda Davis (collectively the "Plaintiffs"), hereby complain and allege against the Defendant Nationwide Insurance Company (the "Defendant") as follows:

**PARTIES**

1. Plaintiff Victor Davis is an individual who, and at all times, has resided in Uintah County, State of Utah.

2. Plaintiff Amanda Davis is an individual who, and at all times, has resided in Uintah County, State of Utah.

3. Defendant is an insurance corporation that regularly conducts business in the State of Utah and conducted business with Plaintiff in the State of Utah.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102.

5. Venue is proper pursuant to Utah Code Ann. §§ 78B-3-304 and 307.

## FACTUAL ALLEGATIONS

6. Plaintiffs are the owners of real property located at 490 Horseshoe Bend, Vernal, Utah 84078 (the "Property").

7. Plaintiffs obtained a property insurance policy from Defendant (referred to herein as the "Policy"), insuring the Property (Policy number: FPK FMPN3048114586).

8. Plaintiffs were listed as the insured under the Policy.

9. On or about September 1, 2021, during the Policy period, ice and water damage caused significant damage to the Property, including but not limited to, damage to the Property's roof, exterior, and interior.

10. Plaintiffs contacted Defendant to discuss the damage to the Property and to open a claim in relation thereto (the "Claim").

11. Plaintiffs filed a claim (the "Claim") with the Defendant (Claim number: 351241GM).

12. Defendant inspected the damage to the Property and presented Plaintiffs with payments totaling much less than the property damage and structure damage.

13. Even though Defendant acknowledged the loss to the Property was caused by the ice dam, Defendant refused and continues to refuse to fully indemnify Plaintiffs for the loss.

14. Defendant failed to properly investigate and properly cover the Claim by failing to pay for the full damage caused to the Plaintiffs' Property.

15. The Policy provides for an appraisal process to resolve disputes about the amount of loss.

16. On or about March 1, 2022, Plaintiffs requested to go to appraisal.

17. Defendant originally responded on or about March 18 2022 that it would agree to go to appraisal, but later reneged on or about May 17, 2022, stating that it would no longer accept appraisal.

18. In the handling of the Claim, Defendant violated the following claim handling laws, among others:

a. Failing to fully disclose to Plaintiffs all pertinent benefits, coverages, and other provisions of an insurance policy under which a claim is presented (Utah Admin. Code § R590-190-5(1));

b. Refusing to pay a claim without conducting a reasonable investigation (Utah Admin. Code § R590-190-9(5));

c. Offering Plaintiffs substantially less than the reasonable value of the Claim (Utah Admin. Code § R590-190-9(6));

d. Failing to provide for repairs in accordance with Utah Admin. Code § R590-190-13(1)(a); and,

e. Agreeing to go to appraisal, and then refusing to do so.

19. In total, Plaintiffs are entitled to recover an amount to be established at trial including repair costs, loss of use, public adjuster costs, attorney fees, interest, and costs.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

20. Plaintiffs reallege and incorporate by reference the allegations in all of the prior paragraphs.

21. The Policy constitutes a valid and enforceable contract whereby Defendant insured Plaintiffs in the Policy.

22. Plaintiffs are entitled to full payment for losses under the Policy.

23. Defendant has materially breached the Policy by, among other things, failing to timely and fully pay Plaintiffs for covered losses.

24. Defendant has materially breached the Policy by, among other things, failing to pay for actual losses caused by the loss.

25. As a direct and proximate result of Defendant's material breach of the Policy as described above, Plaintiffs have incurred, and continue to incur, significant damages.

26. Defendant's actions and inactions in responding to, evaluating, and handling the Claim constitutes bad faith including breach of the duty of good faith and fair dealing under Utah law.

27. As a direct and proximate result of Defendant's bad faith actions and breach of the Policy, as described above, Plaintiffs have incurred, and continue to incur, significant damages.

28. Plaintiffs are therefore entitled to judgment against Defendant as set forth below in the Prayer for Relief.

## **SECOND CAUSE OF ACTION**
## **(Breach of Duty of Good Faith and Fair Dealing)**

29. Plaintiffs reallege and incorporate by reference the allegations in each of the prior paragraphs.

30. The Policy constitutes a valid and enforceable contract between Defendant and Plaintiffs.

31. An implied covenant of good faith and fair dealing exists in the Policy.

32. Defendant breached the duty of good faith and fair dealing in the following respects:

a. Failing to properly investigate the Claim, as indicated above;

b. Failing to fairly evaluate the Claim, as indicated above;

c. Failing to promptly pay and settle the Claim, as indicated above;

d. Failing to comply with Utah law regarding the handling of the Claim, as indicated above;

e. Misrepresenting facts regarding policy provisions and coverages;

f. Asserting standards and terms for denial of the Claim not contained within or supported by the Policy;

g. Failing to deal with its insured as a layman and not as an expert in the subtleties of law and insurance; and

h. Causing Plaintiffs to hire a public adjuster and attorney in order to recover the amounts owed to them.

33. These implied duties are based on Utah's claim handling laws as set forth above, industry standards for accepted claims adjusting practices, and Utah's common law as set forth in *Canyon Country Store v. Bracey,* 781 P.2d 414 (Utah 1989), *Beck v. Farmers Ins. Exchange,* 701 P.2d 795 (Utah 1985), and Utah MUJI 1st Ed. § 21.7.

34. As a direct and proximate result of Defendant's breach of the duty of good faith and fair dealing as described above, Plaintiffs have incurred, and continue to incur, significant damages.

35. Plaintiffs are therefore entitled to judgment against Defendant as set forth below in the Prayer for Relief.

**THIRD CAUSE OF ACTION**
**(Declaratory Judgment)**

36. Plaintiffs reallege and incorporate by reference the allegations in each of the prior paragraphs.

37. The Policy provides for an appraisal process in order to resolve disputes about the amount of loss.

38. Plaintiffs are entitled to a declaration that:

a. This provision is enforceable;

b. Defendant is required to appoint an appraiser or has waived the right to do so;

c. The appraisal by Plaintiffs' appraiser is binding and enforceable;

d. Alternatively, that Defendant is required to appoint an appraiser and be bound by the determination of the appraisers (and if the two appointed appraisers cannot agree, that they will appoint an umpire and a decision of two of the three will be binding on the parties);

e. That Defendant has waived the right to withhold depreciation as part of the appraisal process based on its failure to originally participate in the appraisal process; and

f. That Defendant is required to pay the appraisal amount to Plaintiffs within 30 days of the declaration of the court affirming Plaintiff's appraisal or, if appraisal is compelled, within 30 days of the appraisal award.

**JURY DEMAND**

39. Plaintiffs have requested a jury trial.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request relief as follows:

I. On Plaintiffs' First Cause of Action: A money judgment against Defendant in an amount to be determined at trial, including repair costs, loss of use, public adjuster costs, attorney fees, costs, and interest;

II. On Plaintiffs' Second Cause of Action: A money judgment against Defendant in an amount to be determined at trial, including repair costs, loss of use, public adjuster costs, attorney fees, costs, and interest;

III. On Plaintiffs' Third Cause of Action: A declaration as requested above, plus public adjuster costs, attorney fees, costs and interest; and,

IV. The total damages requested by Plaintiff total less than $74,999; and

V. For such other relief as the Court deems proper.

DATED this 14th day of January 2025.

**SAGE LAW PARTNERS, LLC**

*/s/ Ryan M. Nord*
Ryan M. Nord
*Attorneys for Plaintiffs*